## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Plaintiff Bonita Baum ("Plaintiff") and Defendants Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc. ("Defendants," and together with Plaintiff, (the "Parties"), and on behalf of the Settlement Class (as defined in Section 2.3333 below) in *Bonita Baum v. Mayo Clinic Ambulance, et al.,* W.D. Wis. Case No. 3:20-cv-00409-WMC ("Action"). Subject to the Court's approval, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a Final Approval Order, the Action shall be settled, compromised, and dismissed with prejudice upon the terms and conditions contained herein.

## I.    RECITALS

**1.1**    WHEREAS, Plaintiff allege that Defendants violated Wisconsin law by charging basic, certification, electronic transfer, and/or retrieval fees for record requests made by a patient or a person authorized by the patient, contrary to Wis. Stat. § 146.83, as detailed in Plaintiff's Amended Class Action Complaint (Dkt. No. 1-2 in the Action), and that Plaintiff and other members of the Settlement Class suffered damages as a result.

**1.2**    WHEREAS, Defendants have denied the claims and asserted defenses to Plaintiff's claims.

**1.3**    WHEREAS, arm's-length settlement negotiations have taken place between counsel for Plaintiff and Defendants, and this Agreement, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiff, both individually and on behalf of the Settlement Class, has been reached (the "Settlement" as further defined below in Part II), subject to final approval by the Court.

Exhibit 1

**1.4** WHEREAS, the undersigned counsel for Plaintiff and the Settlement Class, Lein Law Offices, Welcenbach Law Offices, S.C., and Borison Firm, LLP (together, "Class Counsel"), have concluded, after carefully considering the circumstances of this Action, including the claims asserted, the potential damages at issue, and the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation, particularly complex litigation such as this, and to assure the benefits described herein to the Settlement Class, and, further, that Class Counsel consider the Settlement set forth herein to be fair, reasonable, and adequate compensation, and in the best interests of the Settlement Class.

**1.5** WHEREAS, Defendants have concluded, despite their belief that they have meritorious defenses, that it would be in their best interests to enter into this Agreement to avoid the uncertainties of litigation, particularly complex litigation such as this.

**1.6** WHEREAS, the Parties, to avoid the costs, disruption, and distraction of further litigation and without admitting the truth of any allegations made in the Action, or any liability with respect thereto, agree that it is desirable that the claims be settled and dismissed on the terms reflected in this Agreement.

**1.7** WHEREAS Defendants hereby consent, solely for the purposes of the Settlement set forth herein, to the certification of the Settlement Class and appointment of Plaintiff's counsel as Class Counsel for the Settlement Class and Plaintiff as Class Representatives of the Settlement Class; provided, however, that if this Agreement fails to receive Court approval or otherwise fails to become effective, including, but not limited to, the judgment in form substantially similar to Exhibit A hereto not becoming final, then Defendants retain all rights and defenses they had

2

immediately preceding the execution of this Agreement to object to the propriety of class certification in all other contexts and for all other purposes, and the litigation of this Action will continue as if the Settlement Class had never been certified.

**1.8** WHEREAS this Agreement is contingent upon the issuance by the Court of both the Preliminary Approval Order and Final Approval Order, and, should the Court not issue the Preliminary Approval Order and Final Approval Order, Defendants do not waive, and instead expressly reserve, all rights to defend against the claims in the Action.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, and of the releases and dismissals of claims described below, the Parties agree to this Agreement, subject to Court approval, under the terms and conditions that follow.

## II.   **DEFINITIONS**

As used in this Agreement and the attached Exhibits (which are an integral part of the Agreement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise.   Other capitalized terms in this Agreement not defined in this Part II shall have the meanings ascribed to them elsewhere in this Agreement.

**2.1** "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator performs in furtherance of the notice and administration of the Settlement.

**2.2** "Affiliate" means, with respect to any Person, any other Person that directly, or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with such Person.

**2.3** "Attorneys' Fees and Expenses" means, as described more particularly in Part 5.1 of this Agreement, the fees and expenses to be sought by Class Counsel for all the past, present, and future attorneys' fees, costs (including court costs), expenses, and disbursements directly or indirectly incurred in connection with the Action.

**2.4** "Benefit Payment(s)" are the cash payments issued to any given Settlement Class Member or Requestor Class Member as determined by the Parties, Settlement Administrator and in accordance with this Agreement.

**2.5** "Class Counsel" means Plaintiff's counsel Lien Law Offices, Welcenbach Law Offices, S.C., and Borison Firm, LLP.

**2.6** "Class Notice" means a long-form notice substantially in the form attached as Exhibit B to be approved by the Court, and to be disseminated in accordance with Part V of this Agreement.

**2.7** "Class Representative(s)" refers to Bonita Baum.

**2.8** "Court" means the United States District Court for the Western District of Wisconsin.

**2.9** "Defendants" means Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc.

**2.10** "Effective Date" means the day the Final Approval Order becomes final.

**2.11** "Fairness Hearing" and/or "Final Approval Hearing" means the final hearing to be conducted by the Court on such date as the Court may order to determine the fairness, adequacy, and reasonableness of the Settlement in accordance with applicable jurisprudence, to be held after reasonable notice and an opportunity to object or to exclude themselves from the Settlement has

4

been provided to the Settlement Class in accordance with this Settlement, and where the Court will: (i) determine whether to grant final approval to the certification of the Settlement Class; (ii) determine whether to designate Plaintiff as the representative of the Settlement Class; (iii) determine whether to designate Class Counsel as counsel for the Settlement Class; (iv) determine whether to grant final approval to the Settlement; (v) rule on the application for Class Counsel's Fee Award; and (vi) consider whether to enter the Final Approval Order.

**2.12** "Fee Award" means the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, and any Attorneys' Fees and Expenses approved in the Fee Award shall be paid by Defendants separate and apart from their payment of Benefit Payments.

**2.13** "Final Approval Order" means the issuance of an order granting final approval to the Settlement. A proposed Final Approval Order is attached as Exhibit A.

**2.14** "Final Notice Date" means the date on which sending of class notice has been completed.

**2.15** "Notice Date" means the date on which the Settlement Administrator commences dissemination of the Class Notice consistent with the Preliminary Approval Order.

**2.16** "Objection" means an objection filed with the Court by a member of the Settlement Class objecting to any aspect of the Settlement.

**2.17** "Objection Deadline" means thirty (30) days after the Final Notice Date. The Objection Deadline shall be set forth in the Preliminary Approval Order.

**2.18** "Opt-Out" means a request by a member of the Settlement Class to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and the Class Notice.

**2.19** "Opt-Out Deadline" means thirty (30) days after the Final Notice Date. The Opt-Out Deadline shall be set forth in the Preliminary Approval Order

**2.20** "Patient Class Member" means a Settlement Class Member whose records were requested, the provision of which resulted in the payment of a fee or charge allegedly in excess of that permitted by Wisconsin law. The Patient Class Members are listed on the spreadsheet attached hereto as Exhibit D. Each listing of a Patient Class Member's name represents one instance in which a $12.50 retrieval fee was charged in connection with providing copies of that Patient Class Member's records.

**2.21** "Person" means any individual, corporation, partnership, limited partnership, limited liability company or partnership, association, estate, legal representative, trust, unincorporated association, and any business or legal entity, and their respective spouses, heirs, affiliates, attorneys, predecessors, successors, representatives, and/or assignees.

**2.22** "Preliminary Approval Order" means an order, in substantially the form of the Proposed Preliminary Approval Order, attached hereto as Exhibit C, granting preliminary approval to this Agreement as within the range of possible final approval; approving Class Notice to the Settlement Class Members as described in Part IV below; and setting a hearing to consider final approval of the Settlement and any objections thereto.

**2.23** "Proposed Preliminary Approval Order" means the order attached hereto as Exhibit C.

**2.24** "Released Claims" means any and all claims, whether known or unknown, against the Released Parties relating to, arising out of, or concerning in any way the claims under federal or state laws, including but not limited to Wis. Stat. § 146.84, that were alleged or could have been

alleged in the Action, including, but not limited to, claims related to the basic, certification, custodian, electronic transfer fees, and retrieval fees charged to members of the Settlement Class by any of the Released Parties in connection with providing copies of the records of the Patient Class Members identified on Exhibit D. The release does not include any claims beyond the claims made for alleged overcharging for copies of healthcare records. The release also does not include any claims for alleged overcharging for copies of healthcare records made by "Mayo" entities other than Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc., including any and all claims pending in *Dorothy Shannon vs. Mayo Clinic Health System - Northwest Wisconsin Reg...et al*, 2019CV204 in Dunn County Circuit Court, which are not released and are specifically reserved.

**2.25** "Released Parties" means Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc., together with their past, present, and future parents, subsidiaries, affiliated entities, directors, officers, employees, attorneys, representatives, principals, agents, and insurers only to the extent of the released claims.

**2.26** "Releases" means the release of all claims contained in Part VII of this Settlement.

**2.27** "Releasing Parties" means Plaintiff, all Settlement Class Members, Class Counsel, and any Person claiming by or through any of the foregoing, including any Person claiming to be a spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assign, representative of any kind, shareholder, partner, director, employee or affiliate thereof.

**2.28** "Requestor Class Member" means a Settlement Class Member who requested the records of a patient and did not pass on the alleged overcharges to the patient.

**2.29** "Requestor Objection" means an objection submitted by a Requestor Class Member to the Settlement Administrator as described in Part III below.

**2.30** "Settlement" means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and attached Exhibits.

**2.31** "Settlement Administrator" means CAC Services Group, LLC, the independent entity selected by the Parties to administer the Settlement and to be approved by the Court.

**2.32** "Settlement Amount" means the monetary relief available to Settlement Class Members for payment of Benefits, which, in the aggregate, shall not exceed $10,375.00.[1]

**2.33** "Settlement Class" means the Patient Class Members and Requestor Class Members.

**2.34** "Settlement Class Member" means a Person who is a member of the Settlement Class.

**2.35** "Settlement Fund" means the bank account into which Defendants' payment of monies, as described in Part 3.1, shall be deposited.

## III. SETTLEMENT BENEFITS AND CLAIMS ADMINISTRATION

**3.1** If final approval of the Settlement is granted, Defendants will fully fund the Settlement Fund with a payment of $10,375.00 within thirty (30) days of the Effective Date.

At least (14) days prior to Final Approval, Class Counsel will submit a request for payment of a $1,500.00 Class Representative fee from the Settlement Amount to be paid to Bonita Baum.

**3.2** Subject to the Settlement Administrator's verification and to any Requestor Objections made by Requestor Class Members with respect to particular Patient Class Members,

---

[1] The Settlement Amount, plus the Fee Award, and the Administration Expenses represent the limit and extent of Defendants' monetary obligations under this Settlement.

Patient Class Members will be paid a pro rata share of the net Settlement Fund remaining after the Class Representative Fee has been paid, up to $31.25 for each instance a Patient Class Member is listed on Exhibit D.

**3.3** To receive a Benefit Payment, a Requestor Class Member must, on or before the Objection Deadline, submit to the Settlement Administrator a Requestor Objection for each request for a Patient Class Member's records for which the Requestor Class Member paid an alleged overcharge and did not pass along the alleged overcharge to the Patient Class Member. Further, a person with authority to bind the Requestor Class Member[2] must submit to the Settlement Administrator a signed certification stating each of the requirements in Subparagraphs (a) through (h) below:

(a)     That the Requestor Class Member believes in good faith that he/she/it did not pass on the alleged overcharge to the Patient Class Member;

(b)     The amount of the alleged overcharge that was paid by the Requestor Class Member but not passed on to the Patient Class Member;

(c)     The case style for any lawsuit or the identity of the legal claim for which the Patient Class Member's records were requested;

(d)     Whether the lawsuit or legal claim for which the Patient Class Member's records were requested is still open or pending;

---

[2] For law firms, the certifications shall be provided by the managing shareholder, partner or other person who has authorization to settle or resolve the law firm's legal rights under the penalty of perjury, and for other entities the certifications shall be provided by such person who has authority to settle and resolve that entity's legal rights.

(e) If the lawsuit or legal claim for which the records were requested is not still open or pending, then the date on which the matter for which the records were obtained was closed without reimbursement of the alleged overcharge;

(f) That neither the Patient Class Member nor anyone else has reimbursed the Requestor Class Member, directly or indirectly, in part or in whole, for payment of any attorneys' fees or expenses in connection with representation of the Patient Class Member, including but not limited to the alleged overcharge for the records in question;

(g) That the Requestor Class Member has not assigned any right to recover the alleged overcharge to any other Person; and

(h) The Requestor Class Member's tax payer identifier.

(i) For the avoidance of doubt, if a Requestor Class Member such as a law firm paid charges in connection with records it requested on behalf of its Patient Class Member client for use in a lawsuit, and that lawsuit has since resolved with the Requestor Class Member receiving or obtaining for its Patient Class Member client some amount of monetary relief, then the Requestor Class Member will be presumed to be ineligible to submit an Objection.

If the Requestor Class Member satisfies the foregoing requirements to the satisfaction of the Settlement Administrator, the Benefit Payment will be made to the Requestor Class Member rather than to the Patient Class Member to whom the alleged overcharge was not passed along.

**3.4** The Settlement Administrator shall be responsible for, among other things, providing notice required by the Class Action Fairness Act ("CAFA"), noticing pursuant to 28 U.S.C. § 1715, and processing any Objections submitted by Requestor Class Members, the Opt-Out process, and administering the Benefit Payments process described herein (including receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member correspondence regarding Opt-Out requests from the Settlement Class). The Settlement Administrator will use adequate and customary procedures and standards.

**3.5** The Settlement Administrator shall use best efforts to pay Benefit Payments within one-hundred-and-twenty (120) days of the Effective Date.

**3.6** No deductions for taxes will be taken from any Benefit Payment at the time of distribution. Settlement Class Members are responsible for paying any taxes due on such Benefit Payments. All Benefit Payments shall be deemed to be paid solely in the year in which payments are actually issued. The Parties do not purport to provide legal advice on tax matters to each other or to Settlement Class Members.

**3.7** Defendants shall be responsible for paying all fees and expenses incurred by the Settlement Administrator in administering claims and performing the other tasks set forth in this Agreement.

**3.8** The Settlement Administrator shall pay the amount of any undeliverable or returned checks for Benefit Payments to University of Wisconsin Consumer Law Clinic.

## IV. NOTICE

**4.1** Direct notice shall be provided by U.S. Mail. The Parties agree that this means of providing notice is the best practicable under the circumstances.

**4.2**     The Parties shall supervise the Settlement Administrator in the performance of the notice functions set forth in this Part IV.  At least twenty one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall provide a declaration stating that notice was provided as required herein, attesting to the reach of the notice, and stating how many direct notices were delivered and how many were returned undelivered.

## V.     CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

**5.1**     No later than fourteen (14) days prior to the Final Approval Hearing, Class Counsel will submit to the Court an application seeking a Fee Award (the "Fee Application") of $20,000.00, to which Defendants will not object. If the Court denies, in whole or part, Class Counsel's Fee Application, or if any Fee Award ordered by the Court is the subject of any appeal, the remainder of the terms of this Agreement shall remain in effect.  In addition, no interest will accrue on such amounts at any time.  Class Counsel agree not to request, or to accept, any award inconsistent with the terms and conditions of this Agreement, including this Part 5.1.

**5.2**     Defendants agree to pay any Fee Award approved by the Court within thirty (30) days of the Effective Date.

**5.3**     The Attorneys' Fees and Expenses awarded by the Court as set forth in this Part V shall be the total obligation of Defendants to pay attorneys' fees and expenses of any kind to Class Counsel in connection with the Action and this Settlement.

**5.4**     Class Counsel shall provide Defendants with all necessary accounting and tax information, including W-9 forms, with reasonable advance notice to allow Defendants to make the Fee Award payment as set forth above.

## VI. CLASS SETTLEMENT PROCEDURES

**6.1** **Settlement Approval**. As soon as practicable after the signing of this Agreement, Plaintiff shall move for an order granting preliminary approval of the Settlement as within the range of possible final approval (i) conditionally certifying the Settlement Class for purposes of this Settlement only; (ii) approving Class Notice to the Settlement Class Members as described in Part IV above; (iii) setting a hearing to consider final approval of the Settlement and any Objections thereto. Defendants shall appear at the hearing to confirm their agreement with the terms of the Settlement as provided herein.

**6.2** **Final Approval Order and Judgment**. No later than fourteen (14) days prior to the Final Approval Hearing, Plaintiffs shall move for entry of an order of final approval, granting final approval of this Settlement and holding this Agreement to be final, fair, reasonable, adequate, and binding on all Settlement Class Members who have not excluded themselves as provided herein, and ordering that the settlement relief be provided as set forth in this Agreement, approving and ordering the releases as set forth in Part VII, and entering final judgment dismissing with prejudice all claims asserted in, or that could have been asserted in, the Action. Defendants shall appear at the hearing to confirm their agreement with the terms of the Settlement as provided herein.

**6.3** **Objections**. Any Settlement Class Member, on his, her, or its own, or through an attorney hired at his, her, or its own expense, may object to the terms of the Settlement. Subject to court approval, any such Objection must be filed with the Court and received by Class Counsel, Defendants' counsel, and the Settlement Administrator no later than the Objection Deadline. To be effective, any such Objection must be in writing and include the contents described below:

(a) A reference to this case, *Bonita Baum, et al., v. Mayo Clinic Ambulance,* W.D. Wis. Case No. 3:20-cv-00409-WMC ("Action");

(b) The name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel;

(c) A written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

(d) Whether he/she/it intends to appear at the Final Approval Hearing, either with or without counsel;

(e) A statement of his/her/its membership in the Settlement Class;

(f) A detailed list of any other objections submitted by the Settlement Class Member, or his/her/its counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she/it shall affirmatively state so in the written materials provided in connection with the Objection; and

(g) The objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

Any Settlement Class Member who fails to timely file and serve a written Objection containing all of the information listed in the items (a) through (g) of this Part 6.3, including notice

of his/her/its intent to appear at the Final Approval Hearing, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including, but not limited to, an appeal.

Any Settlement Class Member who submits a timely written Objection shall consent to deposition at the request of Class Counsel or Defendants' counsel, to occur at least five (5) days prior to the Final Approval Hearing.

If any Objection is received by the Settlement Administrator, the Settlement Administrator shall forward the Objection and all supporting documentation to counsel for the Parties. The failure of the Settlement Class Member to comply with the filing requirements of Part 6.33 shall be grounds for striking and/or overruling the Objection, even if the Objection is submitted to the Settlement Administrator.

**6.4     Opt-Out Requests**.   Subject to court approval, if any Settlement Class Member wishes to Opt-Out from (in other words, be excluded from) this Settlement, the Settlement Class Member may do so by submitting a valid request to exclude themselves, as described in the Class Notice.  Opt-Out requests must be received by the Opt-Out Deadline or they shall not be valid.  Class Members who elect to Opt-Out from this Settlement shall not be permitted to object to this Settlement or to intervene.  Settlement Class Members shall be encouraged, but not required, to provide their email addresses in their requests for exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  For the avoidance of doubt, any Settlement Class Member who does not timely Opt-Out of this Settlement will be deemed a member of, and will be included within, the Settlement Class without any action on his or her part.

At least five (5) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice, have Opted-Out of the Settlement Class in a valid and timely manner, and Class Counsel shall file that list with the Court.

Plaintiff/Class Representative affirmatively supports this Settlement and agrees not to Opt Out of this Settlement. Neither Plaintiff/Class Representative, Class Counsel, Defendants, nor any of their counsel shall in any way encourage any Settlement Class Member to Opt Out or discourage any Settlement Class Member from participating in this Settlement.

**6.5** **Effect if Settlement Not Approved, Agreement Is Terminated.** This Agreement was entered into only for purposes of Settlement. In the event that preliminary or final approval of this Settlement and this Agreement do not occur for any reason, or if the Final Approval Order is reversed on appeal, or the Agreement is terminated, then no term or condition of this Agreement, or any draft thereof, or discussion, negotiation, documentation, or other part or aspect of the Parties' Settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding; and the Action shall continue as if the Settlement had not occurred. The Parties agree that all drafts, discussions, negotiations, documentation, or other information prepared in relation to this Agreement, and the Parties' settlement discussions, shall be treated as strictly confidential and may not, absent a court order, be disclosed to any Person other than the Parties' counsel, and only for purposes of the Action.

**VII.** **RELEASES**

**7.1** Upon entry of a Final Approval Order and without any further action by the Court or any Party to this Agreement, the Settlement Class Members and Plaintiff, including any Person

16

claiming rights derivative of any Settlement Class Member or Plaintiff as their parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate, shall be deemed to have, and by operation of the judgment shall have fully, finally, and forever released, relinquished, and discharged against the Released Parties all Released Claims (including, without limitation, any unknown claims), as well as any and all claims arising out of, relating to, or in connection with, the prosecution, defense, settlement, disposition, or resolution of the Action or the Released Claims.

**7.2** Without limiting the foregoing, the Releases specifically extend to any claims that the Releasing Parties do not know or suspect to exist in their favor on the Effective Date concering any charges for healthcare records. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims against the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**7.3** The Parties and the Settlement Class shall be deemed to have agreed that the Releases set forth herein will be and may be raised as a complete defense to and will preclude any action or proceeding against any of the Released Parties based on the Released Claims. The Final Approval Order shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorneys' fees, obligations, judgments,

expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, suspected or unsuspected, contingent or absolute, whether existing now or arising in the future, whether asserted or that could or might have been asserted, that Releasing Parties now have or may have against the Released Parties by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Action or the claims and defenses asserted in, or could have been asserted in, the Action.

  **7.4**  Notwithstanding the above, the Court shall retain exclusive jurisdiction over the Parties, the Settlement Class Members and the Agreement with respect to the future performance of the terms of the Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken.

  **7.5**  For the avoidance of doubt, neither the Releases nor anything else in this Agreement is intended to release or waive any right or claim to enforce the terms of this Agreement and the Settlement.

## VIII. FINAL JUDGMENT AND SETTLEMENT APPROVAL

  This Agreement is subject to and conditioned upon (i) the issuance by the Court of the Final Approval Order that finally certifies the Settlement Class for the purposes of this Settlement, grants final approval of the Agreement, enters final judgment dismissing the Action with prejudice, and provides all other relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.

## IX.    REPRESENTATIONS AND WARRANTIES

Each of the Parties represents and warrants to, and agrees with, the other Parties as follows:

**9.1**    Each Party has had the opportunity to receive, and has received, independent legal advice from his or her or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**9.2**    Defendants represent and warrant:  (i) that they have the requisite corporate power and authority to execute, deliver, and perform the Agreement and to consummate the transactions contemplated hereby; (ii) that the execution, delivery, and performance of the Agreement and the consummation by them of the actions contemplated herein have been duly authorized by necessary corporate action on the part of Defendants; and (iii) that the Agreement has been duly and validly executed and delivered by Defendants and constitute their legal, valid, and binding obligations.

**9.3**    The Class Representative represents and warrants that she is entering into the Agreement, on behalf of herself individually and as proposed representative of the Settlement Class Members, of her own free will and without the receipt of any consideration other than what is provided in this Agreement or disclosed to, and authorized by, the Court.  Class Representative represents and warrants that she has reviewed the terms of the Agreement in consultation with Class Counsel and believe them to be fair and reasonable, and covenant that she will not file an Opt-Out request from the Settlement Class or object to the Final Approval sought by the Agreement.

**9.4**    Plaintiff represents and warrants that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiff has or may have arising out of the Action or pertaining to the alleged overcharges paid as otherwise referred to in this Agreement,

19

and no portion of any recovery or settlement to which Plaintiff may be entitled, has been assigned, transferred, or conveyed by or for Plaintiff in any manner; and that no Person other than Plaintiff has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement.

## X.  NO ADMISSIONS OF FAULT

This Agreement and every term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession, or an admission by Plaintiff, Defendants, any Settlement Class Member, or any Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing, or otherwise.

## XI.  MISCELLANEOUS PROVISIONS

**11.1  Termination of Agreement**.  The Parties shall each have the right to terminate this Settlement (except with respect to subparagraphs (c) of this Part for which only Defendants, in the exercise of their discretion, shall have the right to terminate this Settlement) by providing written notice of their election to do so to the other within thirty (30) days of:

> (a)  The Parties' failure to obtain and maintain preliminary approval of this Settlement in materially the same form as set forth herein;
>
> (b)  Any court requiring a notice program in addition to or in any form materially different from that set forth herein;

(c)     The Court materially modifying this Settlement in any manner, including but without limitation, one that increases the financial cost to Defendants;

(d)     The Court failing to enter a final order and judgment consistent with this Settlement;

(e)     The Court's final order and judgment consistent with this Settlement is reversed or materially modified on appeal.

**11.2     Entire Agreement**.     This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda, and agreements between the Parties.     Neither Plaintiff nor Defendants are entering into this Agreement in reliance upon any representations, warranties, or inducements other than those contained in this Agreement.

**11.3     Execution Date**.     The Settlement Agreement shall be deemed executed as of the last date of signature by the Parties.

**11.4     Change of Time Periods**.     The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendants' counsel, without notice to Settlement Class Members.

**11.5     Extension of Time**.     The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

**11.6    Media and Contact of Class Members**.  Except as required in accordance with applicable law, rule, or regulation (e.g., securities law, rules, or regulations), to avoid contradictory, incomplete, or confusing information about the Settlement, the Parties agree that if they want to make any written press releases, disclosures on their websites, or statements to the media about or promotional materials that reference the existence or terms of the Settlement or the Action, such releases or statements must be approved by the Parties in advance and, where desired by the other Party, made jointly.  Any party can respond to inquiries initiated by the media, and in doing so may decline to comment, but otherwise shall only refer to the Class Notice, a statement approved by the other Party, and/or defer to the court file in the Action, but shall not provide any further comment.  Nothing provided herein shall prevent Defendants from communicating about the Settlement in the ordinary course of business, including but not limited to communicating with their clients, investors, auditors, or lenders about the Settlement or the Action without the prior approval of Class Counsel.  Except as noted herein and by mutual agreement of the Parties, the Class Notice shall constitute the only communication with Settlement Class Members regarding the Settlement prior to the Final Approval Hearing. Notwithstanding, Class Counsel and Defense Counsel can answer any inquiries initiated by Settlement Class Members and Class Counsel may communicate freely with Plaintiff.

**11.7    Confidentiality of Protected Health Information.**  Plaintiff and Class Counsel acknowledge that Exhibit D hereto contains Protected Health Information. For purposes of this Agreement, "Protectected Health Information" has the same meaning as the term defined in the Health Insurance Portability and Accountability Act of 1996, as amended, including its implementing regulations, including without limitation patient names and addresses that Defendants

are providing in Exhibit D, as part of Defendants' health care operations in effectuating this Settlement. Plaintiff and Class Counsel will use Protected Health Information provided by Defendants solely for the purpose of effectuating the Settlement as set forth in this Agreement and shall not use, disclose, or process Protected Health Information for any other purpose. While Plaintiff and Class Counsel maintains any Protected Health Information received from Defendants, they shall confidentially maintain such Protected Health Information with the same administrative, physical, and technical safeguards used by Plaintiff and Class Counsel to maintain their own confidential information, including without limitation, (i) limiting access to Protected Health Information to such of Class Counsel's employees who have a need to access such Protected Health Information in order to effectuate the Settlement and (ii) limiting access to Protected Health Information to the minimum necessary Protected Health Information necessary to effectuate the Settlement. Exhibit D hereto will not be filed with the Court in connection with seeking approval of this Settlement.

**11.8 Cooperation**. Defendants, Plaintiff, and their respective counsel agree to work cooperatively to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Agreement. The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities.

**11.9 Plaintiff's Authority**. Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate

modifications or amendments to this Agreement on behalf of the Plaintiff and, subsequent to an appropriate Court Order, the Settlement Class Members.

**11.10  Governing Law**.  This Agreement shall be construed and governed in accordance with the laws of the State of Wisconsin, without regard to Wisconsin's conflict-of-laws principles.

**11.11  Stay Pending Court Approval**.  Class Counsel and Defendants' counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date.  If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Action.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in any other proceedings against any of the Released Parties that challenge the Settlement or otherwise assert or involve, directly or indirectly, a Released Claim.

**11.12  Construing the Agreement**.    This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties.  It is recognized that this Agreement is the result of arm's-length negotiations between the Parties and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

**11.13  Evidentiary Preclusion**.  The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed nor document or communication made pursuant to or in furtherance of this Agreement or the Settlement: (i) is

24

or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**11.14 Effect of Non-Approval**. In the event that this Agreement is not approved by the Court in substantially its present form, any filed Objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason, including Termination pursuant to Part 11.1 above, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Settlement Class Members, and shall not be used in this Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. In such event, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this Agreement shall be without prejudice to any Party or Settlement Class Member and shall not be admissible or offered into

evidence in any action or proceeding, and shall not be deemed, asserted, or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter, or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Settlement Class Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made, or submitted to the Court.

**11.15 Signatures**. This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original; each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures, electronic signatures or signatures sent by email shall be deemed original signatures and shall be binding.

**11.16 Good Faith**. The Parties agree that they will act in good faith to promote the consummation of this Settlement and achievement of an Effective Date and will not engage in any conduct that will or may frustrate the purpose of this Agreement.

**11.17 Protective Orders**. All orders, settlement agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.

**11.18 Binding on Successors**. This Agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the Plaintiff, Settlement Class Members, and Defendants.

**11.19 Variance**. In the event of any variance between the terms of this Agreement and any of the Exhibits hereto, the terms of this Agreement shall control and supersede the Exhibit(s).

**11.20 Retention of Jurisdiction**. The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit

to the jurisdiction of the Court purposes of implementing and enforcing the agreements embodied in this Agreement only.

**11.21 Support from the Parties**. Plaintiff and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that this Settlement is in the best interest of the Settlement Class Members. Defendants and their counsel agree that the settlement is fair, adequate, and reasonable in light of the risks inherent in continued litigation of the case. While continuing to deny all allegations of wrongdoing and disclaiming any liability with respect to any and all claims, Defendants considers it desirable to resolve the controversy on the terms stated herein and have therefore determined that this Settlement is in their best interests. The Parties further agree that they shall support motions for entry of the Preliminary Approval Order and Final Approval Order.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized representatives.

Dated this 26th day of July, 2021.

By: _____

Robert J. Welcenbach, SBN 1033091
WELCENBACH LAW OFFICES SC
933 N. Mayfair Road, Suite 311
Milwaukee, WI 53226-3432
Phone: 414-774-7330
Fax: 414-774-7670
Email: robert@welcenbachlaw.com

By: _____

Matthew C. Lein
Lein Law Offices, LLP
15692 Hwy 63 North/PO Box 761

Hayward, WI 54843
Phone: (715) 634-4273
Fax: (715) 634-5051
mlein@leinlawoffices.com

By: _____
Scott C. Borison
Borison FIRM LLC.
1400 S. Charles St.
Baltimore, MD 21230
Phone: 301-620-1016
Fax: 301-620-1016
Email: scott@borisonfirm.com
*Attorneys for Plaintiff Bonita Baum*

By: _____
Matthew Splitek
Quarles & Brady LLP
33 East Main Street, Suite 900 / Madison, WI 53703-3095
Office 608-283-2454
Email: matthew.splitek@quarles.com

*Attorneys for Defendants Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc.*

Hayward, WI 54843
Phone: (715) 634-4273
Fax: (715) 634-5051
mlein@leinlawoffices.com


By: _____
Scott C. Borison
Borison FIRM LLC.
1400 S. Charles St.
Baltimore, MD 21230
Phone: 301-620-1016
Fax: 301-620-1016
Email: scott@borisonfirm.com
*Attorneys for Plaintiff Bonita Baum*

By: _____
Matthew Splitek
Quarles & Brady LLP
33 East Main Street, Suite 900 / Madison, WI 53703-3095
Office 608-283-2454
Email: matthew.splitek@quarles.com


*Attorneys for Defendants Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc.*

## LIST OF EXHIBITS

Exhibit A: Final Approval Order

Exhibit B: Long Form Public Notice

Exhibit C: Preliminary Approval Order

Exhibit D: Class Member Data