IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BONITA BAUM,

                        Plaintiff,                      OPINION AND ORDER

v.

                                                    20-cv-409-wmc

MAYO CLINIC AMBULANCE, and
GOLD CROSS AMBULANCE

                        Defendants.

---

On behalf of herself and other similarly-situated, putative plaintiffs, Bonita Baum claims that defendants Mayo Clinic Ambulance and Gold Cross Ambulance violated Wis. Stat. §146.83, which prohibits health care providers from charging patients or patients' representatives more than the statutory rate for copies of their medical records. Following discovery and motion practice, now before the court is plaintiff's unopposed motion to certify a class preliminarily and approve the settlement. (Dkt. #32.) For the reasons that follow, the court will grant the motion and will hold a fairness hearing on May 13, 2022, at 1:00 p.m.[1]

BACKGROUND

Plaintiff seeks to certify the following Rule 23 class for settlement purposes:

> Any patient or person authorized in writing by a patient to obtain the patient's health care records who requested the patient's health care records from Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross

---

[1] Given that the parties have agreed to a settlement, both plaintiff's motion to remand for untimely removal (dkt. #8), motion to supplement plaintiff's brief in opposition (dkt. #19), defendant's motion to dismiss the amended complaint on statute of limitations and voluntary payment grounds (dkt. #9), and plaintiff's prior motion to certify the class under rule 23 (dkt. #20) will be denied as moot.

>Ambulance, Inc. and were charged a request, basic, retrieval, certification or other fee by Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc., directly or indirectly, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5) during the 6 year period preceding the commencement of this action. The Class specifically exclude[s] the following persons or entities: (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice[;] (iv) any law firm of record in these proceedings, including any attorney of record in these proceedings; (v) any person who would otherwise belong to the class but who Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone[;] and (vi) anyone who has recovered the fee at issue as a member of any class in *Moya v. Healthport Technologies, LLC.* 13CV2642 (Milwaukee Co. Cir. Ct) (the "Moya Action") or *Rave V. Ciox Health LLC.*, 2:18-cv-00305-LA (ED WI.).

(Settlement Agreement (dkt. #34-2) 4.)

The parties estimate that there are over 300 class members, including the named plaintiff. Defendants agree to create a non-reversionary settlement fund of $10,375.00 minus the class representative fee of $1,500, leaving a total fund of $8,875 for class members. Claimants may either be the patient for whom the records were requested or the authorized requesting entity, such as a law firm, who did not pass on any overcharge to the patient defined as a "requestor" in the proposed settlement. However, there will be

2

no claims process for patients, and all funds will go to the patient class members unless a requestor specifically objects. Rather, patient class members who paid the alleged overcharge will receive a pro-rata share of the settlement fund of up to $31.50 per claim, unless a requestor files an objection to be paid in lieu of the patient.

For each instance that a requestor seeks reimbursement for an overcharge, the requestor must submit an objection to the Settlement Administrator, certifying that they meet various requirements qualifying them for payment in lieu of the patient. Only then will a requestor be paid instead of the patient. Finally, all undeliverable or returned checks for benefit payments be paid to the University of Wisconsin Consumer Law Clinic.

In addition to this class relief, defendants agree to pay: (1) all costs associated with administering the settlement; and (2) class counsel's attorneys' fees and expenses up to $20,000.

## OPINION

### I. Class Certification

Certification of a class is only appropriate following a rigorous analysis concerning whether the proposed class satisfies Federal Rule of Civil Procedure 23. *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 373 (7th Cir. 2015). Plaintiff has the burden to show that a class should be certified. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). This analysis encompasses a two-part test: (a) whether the proposed class meets all four prerequisites of Rule 23(a) to establish the class; and (b) whether the class can be maintained under one of the subsections of Rule 23(b). *Messner v. Northshore Univ.*

*HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).  The court will address the Rule 23(a) prerequisites before considering Rule 23(b)(3).

### A. Rule 23(a) Prerequisites

The prerequisites under Rule 23(a) -- numerosity, commonality, typicality and adequacy of representation -- determine whether a class may be established.  Fed. R. Civ. P. 23(a).  First, a class must be so numerous that it is reasonable to believe that joinder would be impracticable.  *Arnold Chapman & Paldo Sign & Display Co. v. Wagener Equities Inc.*, 747 F.3d 489, 492 (7th Cir. 2014).  The Seventh Circuit has previously concluded that a forty-member class may be sufficient to satisfy the numerosity prerequisite.  *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 859 (7th Cir. 2017).  Here, the putative class consists of at least 300 individuals.  Heeding the Seventh Circuit's guidance, the court agrees that individually joining members of a class this size would be impractical, particularly considering the relatively small recovery for each member even if fully reimbursed for any overcharge.  Accordingly, this prerequisite is met.

Second, a class must have questions of law or fact in common.  Fed. R. Civ. P. 23(a)(2).  A class must not just suffer violation of the same provision of law, but instead have a common injury whose resolution is "central to the validity of each one of the claims in one stroke."  *Lacy v. Cook Cty., Ill.*, 897 F.3d 847, 865 (7th Cir. 2018) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  Here, plaintiff argues that the class members' claims arise from the same practice of the defendants regarding fees charged to patients or other authorized persons for medical record requests.  The court agrees with plaintiff that the putative class members share a common question of fact and related

question of law: whether the defendants charged them copy fees that were prohibited by Wis. Stat. § 146.83.

Third, typicality requires that the proposed class representative has claims typical of the claims of the proposed class, such that her claims arise from the same event or course of conduct that gives rise to the claims of other class members. Fed. R. Civ. P. 23(a)(3); *Lacy*, 897 F.3d at 866 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). Typicality ensures that a plaintiff litigating his or her own self-interest will also advance the interests of the class. *Lacy*, 897 F.3d at 866. This requirement is also satisfied here because each class member's claim -- including named plaintiff Baum's -- arises from defendants' action of charging a fee for medical records requests by patients or their authorized representative. As such, Baum's pursuit of her claim would advance the interests of the entire class.

Fourth, adequacy requires the putative class representative and class counsel to fairly and adequately protect the interests of the proposed class. Fed. R. Civ. P. 23(a)(4). A class representative is not adequate if her interests conflict with those of other class members. *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011). Here, Baum is adequate to represent the proposed class because she has the same interest as the other class members. As to counsel's adequacy, plaintiff's counsel has been appointed class counsel in other consumer protection class actions and has litigated similar actions for Wis. Stat. § 146.83. (Pl.'s Mot. (dkt. #33) 4-5.)

## B. Rule 23(b)(3) Requirements

Since all the Rule 23(a) prerequisites are met, the court turns to the superiority and predominance requirements under Rule 23(b)(3). These requirements determine whether an established class may be maintained. Fed. R. Civ. P. 23(b). Under Rule 23(b)(3) in particular, certification requires the class have "questions of law or fact common to class members [that] predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* Relevant considerations include: class members' interest in individually litigating their claims, the extent and nature of class members' preexisting litigation regarding the controversy, the desirability of concentrating the litigation in a particular forum, and the difficulties of managing a class action. *Id.*

The presence of individual questions does not prevent a common issue from predominating unless those individual questions overwhelm the questions common to the class. *Bell*, 800 F.3d at 378–79; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013). Predominance exists where a class representative's general allegations and common evidence establishes a *prima facie* case for the class. *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1060 (7th Cir. 2016) (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005)).

Here, all putative class members were charged the same allegedly excessive fee when requesting medical records from the defendants, despite Wis. Stat. § 146.83 setting a statutory maximum for fees charged to authorized parties. For each class member, defendants charged a fee no more than $32. Given that the improper fee was a low amount,

there are not any individual damage claims that need to be addressed. Even if there were, it is "clear that individualized monetary claims belong in Rule 23(b)(3)." Wal-Mart v. Dukes, 131 S.Ct. 2541, 2558 (2011). Common evidence of defendants' practices and invoicing when records were requested establish a *prima facie* case of the defendants' alleged violation of Wis. Stat. § 146.83. *Costello*, 810 F.3d 1045 at 1060. Accordingly, the court finds that the common issues of fact and law associated with these claims predominate over any individual issues.

The final requirement is that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). This requirement is intended to ensure that a class action is the preferred method to "achieve economies of time, effort, and expense, and promote uniform decisions as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 759 (7th Cir. 2014) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)). The putative class members here all claim the same injury, which would be largely proven by the same evidence. Therefore, a single proceeding to determine whether defendants' actions violate Wis. Stat. § 146.83 is plainly superior to the possibility of duplicative, individual adjudication of each class member's claim. Likewise, putative class members would have little incentive to litigate separately in light of the fact that individual overcharges were less than $32.00.

Since the Rule 23(a) and Rule 23(b)(3) requirements are readily satisfied, class certification will be granted, and plaintiff Bonita Baum and Matthew C. Lein of Lein Law

Offices, Robert Welcenbach of Welcenbach Law Offices and Scott Borison of Legg Law Firm, LLP, will be appointed as class representative and class counsel, respectively.

**II. Preliminary Settlement Approval**

Settlement approval begins with a preliminary determination that the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Following preliminary approval, the second step is a fairness hearing to give class members an opportunity to be heard.[2] *Id.*

A district court may approve a settlement that is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). Considerations for court approval include: the strength of the plaintiffs' case compared to the settlement offer; the complexity, length, and expense of further litigation; any opposition to the settlement; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

The first and primary concern is the strength of the plaintiffs' case as compared to the proposed settlement. *Kaufman v. Am. Express Travel Related Servs.*, 877 F.3d 276, 284 (7th Cir. 2017). This factor does not instruct district courts to resolve the merits of the controversy, but instead to establish whether the settlement "reasonably reflects the relative merits of the case." *Id.* at 285. While the court notes that the amount per claimant

---

[2] The court has subject matter jurisdiction over this case under 28 USC § 1332(d)(2) because there is minimal diversity and the amount in controversy is greater than $5,000,000. (Not. of Removal (dkt. #1) 4.)

will be small in this case at less than $32 per person, it appears that amount will more than reimburse the fees actually charged to claimants. Additionally, while Wis. Stat. § 146.84 provides exemplary damages of $25,000 for willful violations and $1,000 for negligent violations, the small amount overcharged in each transaction greatly reduces the likelihood that any one person would pursue their own claim and fully litigate it, particularly in light of potential defenses to their claim. Finally, defendants dispute whether the alleged violation was willful, bringing the exact amount of exemplary damages that can be claimed into doubt.

The complexity, length and expense of further litigation also weigh in favor of settling. Further litigation to resolve plaintiff's claim involves expense to both parties, while the proposed settlement fully reimburses class members in excess of the fees paid without the hardships of continuing litigation at no cost to the class members. Of course, the court will also consider specific opposition to or request for exclusion from this proposed class settlement once class members have been notified of the proposed settlement.[3] The proposed notice to class members outlines how class members can object or be excluded from the settlement. (*See* Proposed Notice (dkt. #34-2) 3-4.) Because the process for class members to oppose the settlement awaits, this factor does not currently weigh for or against preliminary approval of the settlement.

Finally, the settlement was reached through arm's-length negotiation. Therefore, the competency of class counsel and stage of these proceedings favor preliminarily

---

[3] On occasion, and generally at final settlement approval, the Seventh Circuit has also considered the reaction of members of the class to the proposed settlement. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

approving the proposed settlement, subject to concerns about compensation to class counsel addressed below. Because the preliminary factors overall suggest that the parties' proposal is fair, reasonable and adequate, the court will approve the preliminary class action settlement and authorize the mailing of notice as detailed below.

### III. Incentive Award and Attorneys' Fees

The court next addresses the validity of the named plaintiff's incentive award and counsel's request for attorneys' fees. The settlement provides named plaintiff Bonita Baum with a $1,500 incentive award under 15 U.S.C. § 1692k(A)(2)(B). Such an incentive award is generally justified as a form of compensation for the extra work a named plaintiff performs in class action lawsuits. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 410 (7th Cir. 2000). The appropriate amount of an incentive award depends on "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.3d 825, 834 (7th Cir. 2018) (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Except in comparison to the relative recovery of other class members and the recovery as a whole, this award appears reasonable -- at least at this preliminary stage -- in light of Baum's assistance to counsel in initiating and pursuing this action under Wis. Stat. § 146.84. Indeed, the sum proposed is at the low end of typical compensation and gives the court some comfort that the named plaintiff's agreement to settle has not been "bought" by defendants.

As to attorneys' fees, the parties have proposed that class counsel be awarded $20,000 in attorneys' fees and expenses. In determining appropriate attorneys' fees, courts have discretion to use either the lodestar method or percentage method. *Americana Art China Co. v. Foxfire Printing & Packaging*, 743 F.3d 243, 247 (7th Cir. 2014). The lodestar method roughly estimates "the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). The percentage method instead sets the attorneys' fees at a percentage of the recovered settlement fund, plus expenses and interest. *Camp Drug Store*, 897 F.3d at 828.

Here, class counsel does not provide their method for seeking this amount of fees and given class counsel is seeking almost more than twice the total amount that defendants have agreed to pay to class members in settlement, the amount of fees requested is of significant concern to the court. Nevertheless, because the monetary award each class member will receive likely exceeds any actual, arguable overcharge that each member paid, this amount *may* be reasonable. *See In re Sw. Airlines Voucher Litig.*, 799 F.3d 701, 712 (7th Cir. 2015) (explaining that in an "exceptional settlement," an award significantly more than the amount the class receives may be appropriate); *Shoemaker v. Bass & Moglowsky, S.C.*, 19-cv-316-wmc, 2020 WL 1671561 at *2 (W.D. Wisc. April 3, 2020) (same). Accordingly, the court will allow the notice of settlement to issue subject to it scrutinizing further class counsel's application for attorneys' fees, including submission of counsel's hourly billing records and rates, as a factor in determining an appropriate fee award.

**IV. Proposed Notice**

Finally, as noted above, the court will authorize class counsel to send notice to members of the class. Notice to all members of a Rule 23(b)(3) certified class must include: (1) the nature of the action; (2) a definition of the certified class; (3) the class claims, issues, or defenses; (4) the option for class members to appear through counsel; (5) the option for class members to be excluded; (6) the time and manner to request exclusion; and (7) the effect of a class judgment on the members. Fed. R. Civ. P. 23(b)(2)(B). Here, the proposed notice provides class members with information regarding the nature and claims of the action, a definition of the class, class members' option to appear through counsel and the availability and process for exclusion or objection. Furthermore, the notice details the option for class members to be excluded and the effect on members of a class judgment.

Still, in addition to making the bracketed changes in the class definition above, the court notes a few, minor modifications to the notice that class counsel should make before sending it out:

- Pagination should be standardized and should not repeat. In other words, do not have pp. 1-3, and then start over with page 1. Accordingly, the page numbers used by the court below refer to the CM/ECF page number on the docket, rather than the page numbers at the bottom of the notice.
- Page 1: remove extra space between the second to last and last bullet points on the bottom of the page.

- Page 5 of the notice under "What Can I Get In The Settlement?": the place where it reads $11,846.75, should instead read "$10,375.00"

- Page 5: add "up to a maximum amount of $31.25 per instance," after "based on the amount of the allegedly excessive fee paid by each Settlement class member."

- Page 7-8: the notice should simply require class members to send objections to the court and include the court's contact information. Class members should not be required to send the objection to counsel; instead, the court will docket any objections its receives for both sides information.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions to remand for untimely removal (dkt. #8), supplement plaintiff's brief in opposition (dkt. #19), and certify the class under rule 23 (dkt. #20) and defendant's motion to dismiss the amended complaint on statute of limitations and voluntary payment grounds (dkt. #9) are DENIED AS MOOT.

2) Plaintiff's unopposed motion for preliminary approval of settlement agreement (dkt. #32) is GRANTED.

3) The court CERTIFIES the following Rule 23 class for settlement purposes:
    Any patient or person authorized in writing by a patient to obtain the patient's health care records who requested the patient's health care records from Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc. and were charged a request, basic, retrieval, certification or other fee by Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc., directly or indirectly, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5) during the 6 year period preceding the commencement of this action. The Class specifically excludes the following persons or entities: (i) Defendants, any

13

    predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice; (iv) any law firm of record in these proceedings, including any attorney of record in these proceedings; (v) any person who would otherwise belong to the class but who Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone; and (vi) anyone who has recovered the fee at issue as a member of any class in *Moya v. Healthport Technologies, LLC.* 13CV2642 (Milwaukee Co. Cir. Ct) (the "Moya Action") or *Rave V. Ciox Health LLC.*, 2:18-cv-00305-LA (ED WI.).

4) Plaintiff Bonita Baum is APPOINTED class representative and Matthew C. Lein of Lein Law Offices, Robert Welcenbach of Welcenbach Law Offices and Scott Borison of Legg Law Firm, LLP are APPOINTED as class counsel.

5) The proposed notice attached as Exhibit B to the Settlement Agreement (dkt. #34-2) is APPROVED and class counsel is AUTHORIZED to distribute it as provided in the parties' submissions SUBJECT TO ADOPTION of the modifications specifically set forth above in this Opinion.

6) The court approves the following settlement procedure and timeline:

    a. no later than March 3, 2022, the Settlement Administrator shall begin mailing the notice to class members consistent with the opinion above;

    b. class members shall have until 45 days after mailing of notice to submit a request to be excluded or any objections;

    c. no later than April 28, 2022, class counsel shall file a petition for attorneys' fees and costs;

    d. no later than May 5, 2022, class counsel shall provide the list of excluded class members to defendant's counsel;

e. a motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition are due on or before May 12, 2022; and

f. the court will hold a fairness hearing on May 19, 2022, at 1:00 p.m.

Entered this 3rd day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge