# EXHIBIT 1:

➢ Notice of Class Action Settlement

**This notice may affect your rights. Please read it carefully.**
*A court has authorized this notice. This is not a solicitation from a lawyer.*

This notice relates to a lawsuit alleging that the Defendants charged fees in excess of those permitted by Wisconsin law when providing copies of healthcare billing records in response to requests from patients or persons authorized by patients (typically a lawyer handling a personal injury lawsuit for the patient). This notice is being sent to the patients and persons authorized by the patients to notify them of the proposed settlement of the lawsuit and to explain their rights and options with respect to the proposed settlement. Both the patients and the persons authorized by the patients to request the records are members of the proposed Settlement Class with the patients being referred to as Patient Class Members and the persons authorized by the patients being referred to as Requestor Class Members. Unless a Requestor Class Member submits an objection and certification that the allegedly excessive fee was not passed along to the Patient Class Member, the cash payments to be made pursuant to the proposed settlement will be paid to the Patient Class Members.

| YOUR RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **Do Nothing** | If you are a Patient Class Member, you will receive a cash payment under this settlement unless a Requestor Class Member certifies that the allegedly excessive fee was not passed along to you. | **None** |
| **Opt-Out** | Get out of the lawsuit and the settlement. This is the only option that allows you ever to bring or join another lawsuit raising the same legal claims against the Defendants. You will receive no cash payment from this settlement. | **April 17, 2022** |
| **File Objection** | Write to the Court about any aspect of the settlement you don't like or you don't think is fair, adequate, or reasonable. If you object to any aspect of the settlement, you must file a written objection. | **April 17, 2022** |
| **Go to a Hearing** | Speak in Court about the settlement. (If you object to any aspect of the settlement, you **must first** file a written objection as noted above.). | **May 26, 2022 1:00 p.m.** |
| **File a Requestor Objection** | If you are a Requestor Class Member, in order to receive a cash payment under this settlement, you must file a Requestor Objection certifying that you did not pass along the allegedly excessive fee to a Patient Class Member. | **April 17, 2022** |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- This notice concerns a civil action or lawsuit called *Bonita Baum, v. Mayo Clinic Ambulance, et al.,* W.D. Wis. Case No. 3:20-cv-00409-WMC.

- Plaintiffs Bonita Baum alleges in the action that the Defendants – Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) and Gold Cross Ambulance, Inc. – charged fees in excess of those permitted by Wisconsin law when providing copies of healthcare billing records to patients or other persons authorized by the patients. The complaint in the action seeks compensatory damages, exemplary damages and attorneys' fees. Defendants deny that they are liable in any amount.

- The proposed settlement of the action affects any patient or person authorized by the patient who paid a fee for the patient's healthcare billing records in excess of that permitted by Wisconsin law and who is identified in the spreadsheet marked as Exhibit D and attached to the Settlement Agreement. You are receiving this notice because your name appears in this data.

- In the proposed settlement, Defendants will pay $10,375.00 to reimburse the Settlement Class for the allegedly excessive fees. The Class Representative will seek a $1,500 class incentive fee from this

1

amount.  The Settlement Class Members will be paid a pro rata share of the remaining amount based on the amount of the allegedly excessive fee paid by each one.

- Defendants have also agreed to pay for the costs associated with the administration of the settlement.

- Class Counsel (the lawyers who brought the lawsuit) will ask the Court for $20,000.00 in attorneys' fees and expenses, which, if approved by the Court, will be paid by Defendants.

- The Court still has to decide whether to approve the settlement.  Cash payments will be sent to Settlement Class Members only if the Court approves the settlement.  If there are appeals, payments will not be made unless and until the appeals are resolved and the settlement becomes effective.

- **Fairness Hearing.**  On May 26, 2022, at 1:00 p.m., the Court will hold a hearing to determine:  (i) whether the proposed settlement should be approved as fair, reasonable, and adequate and should receive final approval; (ii) whether the Released Claims of the Settlement Class against the Released Parties should be dismissed with prejudice; and (iii) whether Class Counsel's application for a Fee Award should be granted.  The hearing will be held in the United States District Court for the Western District of Wisconsin in the courtroom of the Honorable Judge William M. Conley.  This hearing date may change without further notice to you.  Consult the Court docket in this case for updated information on the hearing date and time.

- **Your legal rights are affected whether you act or do not act.  Read this notice carefully.**

This notice summarizes the proposed settlement.  For the precise terms and conditions of the settlement, please contact the Settlement Administrator at CAC Services Group, LLC, 6420 Flying Cloud Dr Ste 101, Eden Prairie, MN 55344.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

# Table of Contents

1.  How Do I Know If I Am Affected By The Settlement? ................................................................. 4
2.  What Is The Lawsuit About? ........................................................................................................ 4
3.  Why Is This Case Being Settled? .................................................................................................. 4
4.  What Can I Get In The Settlement? .............................................................................................. 5
5.  When Do I Get My Payment? ....................................................................................................... 6
6.  What Do Plaintiffs And Their Lawyers Get? ............................................................................... 6
7.  What Happens If I Do Not Opt-Out From The Settlement? ....................................................... 6
8.  How Do I Opt-Out From The Settlement? ................................................................................... 6
9.  How Do I Object To The Settlement? .......................................................................................... 7
10. When Will The Court Decide If The Settlement Is Approved? .................................................. 8
11. How Do I Get More Information? ................................................................................................ 8

1. **How Do I Know If I Am Affected By The Settlement?**

For purposes of settlement, the Court has conditionally certified a Settlement Class that is defined as:

Any patient or person authorized in writing by a patient to obtain the patient's health care records:

(i) who requested the patient's health care records from Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc.; and

(ii) were charged a request, basic, retrieval, certification or other fee by Mayo Clinic Ambulance (f/k/a Gold Cross Ambulance Service) or Gold Cross Ambulance, Inc., directly or indirectly, in violation of Wis. Stat. §146.83(3f)(b)(4) - (5);

(iii) during the 6 year period preceding the commencement of this action.

The Class specifically exclude the following persons or entities: (i) Defendants, any predecessor, subsidiary, sister and/or merged companies, and all of the present or past directors, officers, employees, principals, shareholders and/or agents of the Defendants; (ii) any and all Federal, State, County and/or Local Governments, including, but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, councils and/or any other subdivision, and any claim that such governmental entities may have, directly or indirectly; (iii) any currently-sitting Wisconsin state court Judge or Justice, or any federal court Judge currently or previously sitting in Wisconsin, and the current spouse and all other persons within the third degree of consanguinity to such judge/justice or (iv) any law firm of record in these proceedings, including any attorney of record in these proceedings; (v) any person who would otherwise belong to the class but who Defendants can identify as being charged a fee, either directly or indirectly through a person authorized in writing, but said fee was not collected or paid to Defendants by anyone and (vi) anyone who has recovered the fee at issue as a member of any class in *Moya v. Healthport Technologies, LLC.* 13CV2642 (Milwaukee Co. Cir. Ct) (the "Moya Action") or *Rave V. Ciox Health LLC.*, 2:18-cv-00305-LA (ED WI.).

You are receiving this notice because, according to Defendants' records attached as Exhibit D to the Settlement Agreement, you are a member of the Settlement Class.

2. **What Is The Lawsuit About?**

Plaintiff alleges that Defendants overcharged fees for healthcare billing records requests made by patients or persons authorized by the patients to receive the records. The Defendants dispute liability and Plaintiff's requests for damages.

3. **Why Is This Case Being Settled?**

Counsel for Plaintiff and Defendants have determined that there is significant risk in continuing the litigation. Among other issues, the issues in the case include: (i) Whether Defendants acted willfully or negligently; (ii) whether Plaintiff are entitled to exemplary damages; and/or (iii) whether Defendants may establish other defenses. In particular, even if Plaintiff convinces the judge or jury that they are entitled to reimbursement of certain fees, there is a substantial risk that a judge or jury would not impose any additional damages such as exemplary damages. Even if Plaintiff were to succeed in the trial court, any judgment would be at risk on appeal and the collectability of that judgment might be uncertain. After considering the risks and costs of further litigation, the parties have concluded that it is desirable that the Plaintiff's claims be settled and dismissed on the terms stated in the Settlement Agreement. Plaintiff and her counsel believe that the terms and conditions of the proposed settlement are fair, reasonable, adequate, and equitable, and that the settlement is in the best interest of the Settlement Class Members.

| 4. | **What Can I Get In The Settlement?** |
|---|---|

Settlement Class Members who do not opt out (that is, exclude themselves from the Settlement Class) will be compensated by a pro rata share of $10,375.00 based on the amount of the allegedly excessive fee paid by each Settlement Class Member up to a maximum amount of $31.25 per instance. The Class Representative, Bonita Baum, who brought this lawsuit on behalf of the Settlement Class Members, will receive $1,500.00 as an Incentive Award, which will be deducted from the Settlment Amount, before any pro rata shares of Settlement Class Members are calculated.

Requestor Class Members (ordinarily a lawyer or law firm who has requested the records of a patient client) will not receive a cash payment under the settlement unless they have not passed on the allegedly excessive fee to a Patient Class Member and they timely file a Requestor Objection certifying the same.

To receive a cash payment, a Requestor Class Member must, on or before April 17, 2022, submit to the Settlement Administrator a Requestor Objection for each request for a Patient Class Member's healthcare billing records for which the Requestor Class Member paid an allegedly excessive fee and did not pass along the allegedly excessive fee to the Patient Class Member. A person with authority to bind the Requestor Class Member[1] must submit to the Settlement Administrator a signed certification stating each of the following:

i. That the Requestor Class Member believes in good faith that he/she/it did not pass on the allegedly excessive fee to the Patient Class Member;
ii. The amount of the allegedly excessive that was paid by the Requestor Class Member but not passed on to the Patient Class Member;
iii. The case style for any lawsuit or the identity of the legal claim for which the Patient Class Member's records were requested;
iv. Whether the lawsuit or legal claim for which the Patient Class Member's records were requested is still open or pending;
v. If the lawsuit or legal claim for which the records were requested is not still open or pending, then the date on which the matter for which the records were obtained was closed without reimbursement of the allegedly excessive fee;
vi. That neither the Patient Class Member nor anyone else has reimbursed the Requestor Class Member, directly or indirectly, for the allegedly excessive fee;
vii. That the Requestor Class Member has not assigned any right to recover the allegedly excessive fee to any other person or entity; and
viii. The Requestor Class Member's tax payer identifier.

For the avoidance of doubt, if a Requestor Class Member such as a law firm paid charges in connection with records it requested on behalf of its patient client for use in a lawsuit, and that lawsuit was resolved with the Requestor Class Member receiving or obtaining for its Patient Class Member some amount of monetary relief, then the Requestor Class Member will be presumed to be ineligible to submit a Requestor Objection.

If the Requestor Class Member satisfies the foregoing requirements to the satisfaction of the Settlement Administrator, the cash payment will be made to the Requestor Class Member rather than to the Patient Class Member.

Payments will be issued only if the Court gives final approval to the proposed settlement and after the final approval is no longer subject to appeal.

---

[1] For law firms, the certifications shall be provided by the managing shareholder, partner or other person who has authorization to settle or resolve the law firm's legal rights under the penalty of perjury, and for other entities the certifications shall be provided by such person who has authority to settle and resolve that entity's legal rights.

5. **When Do I Get My Payment?**

A Fairness Hearing is scheduled for May 26, 2022 at 1:00 p.m.. If the Court approves the settlement and there are no appeals, the cash payments will be distributed when the Settlement Administrator has completed its review and audit of all information received. If the Court does not approve the settlement, or if the settlement is overturned on appeal, no cash payments will be issued.

6. **What Do Plaintiffs And Their Lawyers Get?**

To date, Class Counsel has not been compensated for any of their work on this case. As part of the settlement, no later than April 28, 2022, Class Counsel will apply to the Court to award them $20,000.00, from Defendants for their attorneys' fees and expenses. Defendants have agreed not to object to that application and will pay this amount separate from the Settlement Amount above.

7. **What Happens If I Do Not Opt-Out From The Settlement?**

If you are a Settlement Class Member and you do not opt-out of the Settlement Class, you will be legally bound by all orders and judgments of the Court, and you will also be legally bound to the release stated below. This means that you will not be able to sue, continue to sue, or be part of any other lawsuit that involves the Released Claims.

By staying in the Settlement Class, you agree to give up the Released Claims, which consist of any and all claims, whether known or unknown, against the Released Parties relating to, arising out of, or concerning in any way the claims under federal or state laws, including but not limited to Wis. Stat. § 146.84, that were alleged or could have been alleged in the action, including, but not limited to, claims related to the basic, certification, custodian, electronic transfer fees, and retrieval fees charged to Settlement Class Members by the Defendants or any of the Released Parties.

This release will be binding on the Settlement Class Members, together with any person claiming rights derivative of any Settlement Class Member as their parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, assigns, representative of any kind, shareholder, partner, director, employee or affiliate.

This release extends to any claims that a Settlement Class member does not know or suspect to exist when the settlement becomes effective. This release constitutes a waiver of any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise.

Settlement Class Members understand and acknowledge the significance of these waivers of any other applicable federal or state statute, case law, rule, or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally, and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

8. **How Do I Opt-Out From The Settlement?**

You can opt-out (that is, exclude yourself) from the Settlement Class if you wish to retain the right to sue Defendants separately for the Released Claims. If you opt-out, you cannot file an objection to the settlement.

To opt-out, you must mail an opt-out request to the Settlement Administrator at CAC Services Group, LLC, 6420 Flying Cloud Dr Ste 101, Eden Prairie, MN 55344, with copies mailed to Class Counsel and counsel for Defendants. The opt-out request must be received by the Settlement Administrator by April 17, 2022.

9.    **How Do I Object To The Settlement?**

You can ask the Court to deny approval of the settlement by timely filing an objection with the Court. You cannot ask the Court to order a larger settlement; the Court can only approve or disallow the settlement. If the Court denies approval to the entire settlement, no cash payments will be sent out, and the lawsuit will continue.

You can also ask the Court to disapprove the requested payment to Class Counsel.

Any Settlement Class Member, on his, her, or its own, or through an attorney hired at his, her, or its own expense, may object to the terms of the settlement. Any such objection must be filed with the Court no later than April 17, 2022 and  elivered to the following address:

> Hon. William M. Conley
> Attn: Clerk
> U.S. District Court
> Western District of Wisconsin
> 120 North Henry Street, Room 320
> Madison, WI 53703

To be effective, any such objection must be in writing and must include the following:

(a)    A reference to this action, *Bonita Baum v. Mayo Clinic Ambulance*, *et al.*, W.D. Wis. Case No. 3:20-cv-00409-WMC;

(b)    The name, address, telephone number, and, if available, the email address of the Settlement Class Member objecting, and if represented by counsel, of his/her/its counsel;

(c)    A written statement of all grounds for the objection, accompanied by any legal support for such objection;

(d)    Whether he/she/it intends to appear at the Fairness Hearing, either with or without counsel;

(e)    A statement of his/her/its membership in the Settlement Class;

(f)    A detailed list of any other objections submitted by the Settlement Class Member, or his/her/its counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she/it shall affirmatively state so in the written materials provided in connection with the objection; and

(g)    The objector's signature and the signature of the objector's attorney or other authorized representative.

You may also appear at the Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. If you want to raise an objection to the settlement at the Fairness Hearing, you must timely submit that objection to the Court in writing, as described above.

Any Settlement Class Member who fails to timely file and serve a written objection containing all of the information listed in the items (a) through (g) above, including notice of his/her/its intent to appear at the Fairness Hearing, shall not be permitted to object to the settlement and shall be foreclosed from seeking any review of the settlement by any means, including, but not limited to, an appeal.

Any Settlement Class Member who submits a timely written objection shall consent to deposition at the request of Class Counsel or Defendants' counsel, to occur at least five (5) days prior to the Fairness Hearing.

By filing an objection, you consent to the jurisdiction of the Court, including to any order of the Court to produce documents or provide testimony prior to the Fairness Hearing. You further consent to a deposition, at the request of Class Counsel or Defendants' counsel, at least five (5) days prior to the Fairness Hearing.

| Counsel for Class includes: | Counsel for Defendants: |
|---|---|
| Robert Welcenbach,<br>Welcenbach Law Offices, S.C.<br>933 N. Mayfair Rd.,<br>Suite 311<br>Milwaukee, WI 53226 | Matthew Splitek<br>Quarles & Brady LLP<br>33 East Main Street, Suite 900<br>Madison, WI 53703-3095 |

10. **When Will The Court Decide If The Settlement Is Approved?**

The Court will hold a Fairness Hearing on May 26, 2022 at 1:00 p.m. to consider whether to approve the settlement. The hearing will be held in the courtroom of the Honorable William M. Conley. The hearing is open to the public. This hearing date may change without further notice to you.

11. **How Do I Get More Information?**

You can contact the Settlement Administrator at:

> CAC Services Group, LLC
> 6420 Flying Cloud Dr Ste 101
> Eden Prairie, MN 55344
> (952) 224-2195

You can also obtain additional information by contacting the following Class Counsel:

> Robert Welcenbach
> Welcenbach Law Offices, S.C.
> 933 N. Mayfair Rd., Suite 311
> Milwaukee, WI 53226